**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAISY OZIM,

Plaintiff-Appellant,

v.

CITY AND COUNTY OF SAN FRANCISCO; et al.,

Defendants-Appellees.

No. 21-15099

D.C. No. 4:20-cv-05465-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted November 8, 2021[**]

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

Daisy Ozim appeals pro se from the district court's judgment dismissing as frivolous her 42 U.S.C. § 1983 action alleging a conspiracy. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed as frivolous Ozim's action because Ozim's allegation that a member of the San Francisco Board of Supervisors conspired with two assailants to murder Ozim lacked any arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (concluding that a frivolous claim "lacks an arguable basis either in law or in fact" and that "[the] term 'frivolous' . . . embraces not only the inarguable legal conclusion, but also the fanciful factual allegation").

The district court did not abuse its discretion by denying leave to amend because it had granted Ozim leave to amend an identical complaint in a related action and Ozim did not cure the deficiencies. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted)).

Ozim's motion for permission to proceed in forma pauperis ("IFP") (Docket Entry No. 4) is denied as unnecessary because her IFP status continues on appeal. The Clerk is directed to file the opening brief at Docket Entry No. 3.

**AFFIRMED.**

21-15099